UNITED STES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ANJELYNE KIERNAN AND
CARMEN MARTINEZ on behalf of themselves and
all others similarly situated

            Plaintiffs,

    -against-

GOLD KEY CREDIT, INC.

            Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 16 2009 ★

LONG ISLAND OFFICE

CV-09 3058
SPATT, J.
LINDSAY, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs seek redress for the illegal practices of Gold Key Credit, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff Anjelyne Kiernan is a consumer debt, purportedly owed for various personal medical debts. Plaintiff Carmen Martinez is plaintiff Anjelyne Kiernan's mother.

4. Upon information and belief, defendant is a Florida corporation that is registered as a foreign corporation licensed to conduct business within the State of New York.

1

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Anjelyne Kiernan and Carmen Martinez*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. In the past, upon information and belief, the defendant sent the plaintiff an initial letter.

11. The plaintiff was in an automobile accident.

12. The plaintiff was a passenger and was injured.

13. Apparently, she was not covered for her injuries and was left with outstanding medical debt for the care that the plaintiff was given.

14. The plaintiff received collection letters from the defendant.

15. During the months of September and October, 2009 the defendant's rights were being violated.

16. During the said months, various collection representatives contacted the plaintiff's mother.

17. Upon information and belief, the defendant already has the plaintiff's contact information.

18. The collection representatives engaged in a pattern of harassment.

19. The collection representatives asked a plethora of questions above and beyond basic location information.

20. The collection representatives asked where does the plaintiff live, if the plaintiff si married, where the plaintiff can be reached and what is the plaintiff's annual income.

21. The plaintiff's mother attempted to stop the calls by stating that the plaintiff was out of town.

22. The particular collector asked to what location the plaintiff had traveled.

23. The collectors indicated that they were calling from Gold Key Credit about a personal legal matter.

24. In subsequent calls the collectors overtly stated that they were calling concerning the collection of a debt.

25. Plaintiff Kiernan's rights were violated where the plaintiff's mother knew that the plaintiff's mother was receiving telephone calls about a debt which plaintiff Kiernan purportedly owed.

26. Plaintiff Kiernan finally got so outraged how the defendant and its collectors harassed plaintiff Martinez, plaintiff Kiernan contacted the defendant.

27. On or about February 10, 2009 the plaintiff had a conversation with one of the collection representatives on behalf of the defendant.

28. The plaintiff gave the collector the plaintiff's account number.

29. The plaintiff requested her balance.

30. The collector told the plaintiff that the balance was $2137.00.

31. The plaintiff replied that was the balance the previous month after the plaintiff has made a payment during that month as well.

32. The plaintiff asked how that was possible.

33. The collector stated that the collector did not know.

34. The plaintiff requested to know where her payment was going that her balance is staying the same.

35. The collector stated that the payment is getting divided into eleven accounts.

36. The plaintiff responded that even if the payment is divided by 100 accounts that the balance has to decrease every month.

37. The plaintiff then requested to speak with a supervisor.

38. The collector stated that a supervisor was not present.

39. The plaintiff then requested of the collector her title and name.

40. The collector stated that she did not have one.

41. The collector stated that when a supervisor is around, they will eventually get back to the plaintiff.

42. Up to and including the day prior to the filing of the complaint, no supervisor has contacted the plaintiff to resolve the issue concerning the payments.

43. The plaintiff has demonstrated her faithfully wanting to pay her debt and make sure that her payments are being applied properly.

44. Defendant's collector intentionally harassed the plaintiff.

45. Defendant's collector engaged in unsavory collection practices.

46. Plaintiff presented a legitimate concern to defendant's collector.

47. Defendant's collector demonstrated no interest in attempting to resolve the plaintiff's concern which caused the plaintiff much anguish and distress.

48. Defendant's collector demonstrated an attitude of attempting to avoid any type of responsibility for the collector's refusal to assist the plaintiff.

49. Defendant's management has apparently no interest in resolving concerns of consumers who attempt to pay their debts in a good faith fashion.

50. The collector's objective was to harass the plaintiff and cause her pecuniary loss and emotional distress.

51. Plaintiff is uncertain as to whether the plaintiff should continue to make payments

52. The said collection practices of the defendant are harassing, contain deceptive representations and unfair practices in violation of 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Carmen Martinez on behalf of herself and the members of a class, as against the defendant.*

53. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-24 as if set forth fully in this Cause of Action.

54. This cause of action is brought on behalf of plaintiff and the members of a class.

55. The Class consists of consumers who received the same treatment as the plaintiff.

56.  Class A consists of all persons whom Defendant's records reflect resided in the State of New York and whose relatives or friend were contacted and where personal questions were asked about the debtor above and beyond location information within one year prior and up to the date of the within complaint; (b) the telephonic contact was concerning seeking information concerning a debtor who purportedly owed money for personal purposes; and (c) and that the letter and defendant's practices contained violations of 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.\

57.  Class B exists for those class members who were treated in a rude and harassing fashion by a debt collector also in violation of 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

58.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)  Based on the fact that contacts with numerous consumers are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B)  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C)  The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)  The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)   The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

59.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

60.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

61.   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

62.   The defendant's actions violate the Fair Debt Collection Practices Act.

63.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

### AS AND FOR A SECOND OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Anjelyne Kiernan on behalf of herself and the members of a class, as against the defendant.*

7

64. Plaintiff Kiernan restates, realleges, and incorporates herein by reference, paragraphs 1-52 as if set forth fully in this Cause of Action.

65. This cause of action is brought on behalf of plaintiff and the members of a class.

66. The Class consists of consumers who received the same treatment as the plaintiff.

67. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and whose privacy rights were violated where the defendant's representatives contacted the debtor's relatives or friends and were told that the call was concerning the collection of a debt concerning a specific consumer; (b) the telephonic contact was concerning seeking information concerning a debtor who purportedly owed money for personal purposes; and (c) and that the letter and defendant's practices contained violations of 15 U.S.C. §§ 1692c, 1692e(10) and 1692f.

68. Class D exists for those class members who were treated in a rude and harassing fashion by a debt collector also in violation of 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

69. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that contacts with numerous consumers are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

70. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

71. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

72. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

73. The defendant's actions violate the Fair Debt Collection Practices Act.

74. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k); actual damages for the named plaintiff.

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 16, 2009

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)